RAWLS, Chief Judge.
State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, whom we will refer to as State Farm, appeal an order of the Insurance Commissioner denying a rate filing reflecting a proposed increase of premiums for private passenger automobile insurance and uninsured automobile coverage. The proposal contemplates the .following percentage increase:
Bodily injury,t'iproperty damage 26.5%
Medical payments 26.3%
•Collision 22.6%
'Uninsured automobile 8.2%
Over-all estimated increase 19.8%
The Insurance Commissioner rejected 'the rate filing upon the following basic ^grounds:
“The State Farm Mutual was denied a previous request for an over-all increase of 6.1% on February 1, 1965. The present filing adds new data to the above only for the last seven months of 1964. The Company indicates that although it showed in its previous filing underwriting losses for the first five ■months of 1964 to be: Liability $158,-'904.00; Medical Payments $5,734.00; and Collision $187,915.00 — its losses for ■the full twelve months of 1964 were ■sharply increased to: Liability $1,410,-.286.00; Medical Payments $229,513.00; • and Collision $284,955.00.
******
'“The question in this filing is whether ■the radical underwriting loss shown by the Company in the last seven months ■ of 1964 is a sufficiently reliable indication of a change in its experience to -cause not only a revision of the Order issued February 1, 1965; but, in addition, the granting of an over-all increase three and one-quarter times as large as the one requested in that filing.
*' * * * * *
“An examination of the Florida Highway Patrol Automobile Accident Reports for each month of 1964, related to the average automobile registration for the year in the state, shows that the accidents per 10,000 cars for the first six months of the year differed from the accidents per 10,000 cars for the second six months of the year by less than one accident. There is, therefore, no indication in the filing, or outside the filing, that there was a radical change in Florida in automobile loss costs, or accident rates, to support the radical change in underwriting loss presented by the Company as the result of its experience in the last seven months of 1964.
“In view of the above reasons, and in view of the lack of any significant supporting evidence that the seven months additional experience is of a sufficiently reliable nature and long enough duration to cause a reconsideration of my previous Order, which was not challenged by the Company at the time, it is my opinion that they have not demonstrated a sufficiently long, reliably established change in experience for a rate increase at this time, and the application is, therefore, disapproved.”
State Farm contends that the nub of this case is really the question of whether the Commissioner was entitled to disregard the positive showing made by Appellants of their need for a rate increase. Such contention is erroneous. Conceding that State Farm has irrefutably proven it needs a rate increase, the fundamental question is whether State Farm proved by a preponderance of the evidence that each item of its filing will produce rates which are not” * * * excessive, inadequate, or unfairly discriminatory.” [1]
State Farm strenuously contends that the instant rate filing is actually and *314 legally entirely separate and distinct from the previous filings that were disapproved on February 1, 1965, pointing out that the later filing contains different statistical data based upon different calendar year periods than were the 1964 filing, and that the previous filing was not allowed by the Commissioner for the principal reason that its loss development was not reflected by “calendar accident year” as required by the Commissioner. Although the instant filing is a separate and distinct one, we cannot hold as a matter of law that the Commissioner erred in referring to the 1964 filing in considering the 1965 filing.
.In Mutual Insurance Rating Bureau v. Williams,[2] we held that the Commissioner was not in error in taking notice of matters and things appearing in the records of his office, which he did in the present case. By the 1964 filing, State Farm represented that a reasonable rate of return for its Florida business would be satisfied by an overall increase of 6.1%. In justification of this request, State Farm utilized its experiences in insuring automobiles in Florida during the calendar years of 1961, 1962, 1963 and the first five calendar months of 1964. In the instant filing, State' Farm represented that it now needed an overall increase of 19.8% and utilized for this purpose the calendar years of 1962, 1963 and 1964. State Farm accomplished this statistical astronomical increase by deleting its profitable year of 1961 and adding the last 7 calendar months of the year 1964.
The Commissioner by probing further into State Farm’s statistical data developed the fact that it has used, for many years in the past as well as in the 1964 filing, a 2j4% profit factor, but in the instant filing this non-profit company increased its profit factor to 5%. The explanation given for this change by State Farm’s senior Vice President was “ * * we came to the conclusion that we should and there was good and just reasons why we used a 5% profit loading in our schedule. As a matter of company policy we' did make that decision within the last, I suppose, eight months or so and are incorporating it in our schedules countrywide now, 5% for profit loading. That is a management decision.” We noted in. Mutual Insurance Rating Bureau v. Williams that “ * * * the very nature of a. mutual company is a non-profit operation and it has no lawful right to profits. The-statute does provide that consideration be given to dividends.” The Commissioner is-not required as a matter of law to accept a management decision as to a profit factor double that which it has utilized for many years in the past. Such is especially true in reviewing such a filing as was-here before the Commissioner when-weighed with a filing made within one year previous thereto.
As noted in Nationwide Mutual Insurance, supra, this court is not and' should not be burdened with the responsibility of rate making. We have carefully considered the record in this cause, including the extensive testimony adduced' by the Commissioner, and it is our conclusion that there is competent evidence in this record to sustain the action of the-Commissioner.
Affirmed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.

. Nationwide Mutual Ins. Co. v. Williams, 188 So.2d 368 (Fla.App.1st, 1966).

. Mutual Insurance Rating Bureau v. Williams, 189 So.2d 389 (Fla.App.1st, 1966).